## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,   )
   )
       Plaintiff/Respondent,   )
   )
vs.   )   **Case Nos.  04-CR-85-JHP**
   )          **06-CV-472-JHP-PJC**
CLARENCE LEE DAVIS,   )
   )
       Defendant/Petitioner.   )

### ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Institute in Forrest City, Arkansas.  This action was initiated pursuant to the provisions of 28 U.S.C. § 2255.  Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 04-CR-85 is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma.  In addition, the court has reviewed the relevant trial court records associated with Case No. 04-CR-85.  The records reflect Petitioner was named in a two-count Indictment on May 6, 2004, charging him with Count I:  Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and Count II: Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c).  Thereafter, on September 8, 2004, Petitioner was named in four counts of a five-count Superseding Indictment, charging him with Count I: Conspiracy to commit Armed Bank Robbery and Use of a Firearm During a Crime of

1

Violence, in violation of 18 U.S.C. § 371; Count II: Armed Bank Robbery and Aiding and Abetting in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2; Count III: Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c); and Count V: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g).  On September 20, 2004, a jury trial was commenced and on September 22, 2004, the jury returned their verdicts finding the defendant/petitioner guilty on all four counts.

On January 28, 2005, the defendant was sentenced to 60 months on Count I; 276 months as to Count II; 120 months as to Count V; and 84 months as to Count III.  Counts I, II, and V were ordered to be served concurrently.  Count III was ordered to be served consecutively to Counts I, III, and V.  Additionally, upon release from custody, the court ordered the defendant be placed on supervised release for a period of five years on Counts II and III and three years on Counts I and V, all to be served concurrently.  Further, the defendant was ordered to pay a $400 special monetary assessment and restitution of $289.79. At the time of sentencing, defendant was advised he would have ten (10) days in which to appeal the sentence.  The Judgment was filed of record on February 8, 2005.

Defendant/Petitioner perfected an appeal, arguing (1) there was insufficient evidence to support his armed robbery convictions; (2) the district court erred by admitting evidence concerning a purported false alibi and by instructing the jury on false exculpatory statements; (3) his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and (4) that his classification as a career offender for sentencing purposes violated his Sixth Amendment rights.  On February 9, 2006, his

2

conviction and sentence was affirmed. *United States v. Davis*, 437 F.3d 989 (10th Cir. 2006), *cert. denied*, — U.S. —, 126 S.Ct. 1935, 164 L.Ed.2d 682 (2006).

On September 11, 2006, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. Specifically, Petitioner argues: (1) he received ineffective assistance of trial counsel; (2) he received ineffective assistance of appellate counsel; (3) mandatory language in the United States Sentencing Guidelines violated his Sixth Amendment rights; (4) he was deprived of due process because of prosecutorial misconduct committed when the prosecutor failed to turn over exculpatory evidence; and (5) he was erroneously sentenced as a career offender under the Sentencing Guidelines.

## <u>GENERAL PRINCIPLES GOVERNING § 2255 ACTIONS</u>

Section 2255 is not a substitute for an appeal and is not available to test the legality of matters which should have been challenged on appeal. *U.S.A. v. Mohammad Rizwan Ali Khan*, 835 F.2d 749, 753 (10th Cir. 1987), *cert. denied*, 487 U.S. 1222 (1988). As a result, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (quoting *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). Failure to raise an issue on direct appeal bars the movant/defendant from raising such an issue in a § 2255 Motion to Vacate Sentence unless he can show "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense, . . . ." *Id*. Since a writ of habeas corpus is an equitable remedy, a court may consider the merits

of the procedurally barred claim, if the defendant alternatively demonstrates "that 'failure to consider the federal claims will result in a fundamental miscarriage of justice.'"  *Id.*

In *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995), the Tenth Circuit held claims of constitutionally ineffective counsel should be brought on collateral review. Consequently, no procedural bar will apply to ineffective assistance claims which could have been brought on direct appeal but are raised in post-conviction proceedings.  A habeas petitioner may raise substantive claims which were not presented on direct appeal, however, if he can establish cause for his procedural default by showing he received ineffective assistance of counsel on appeal.

A court considering a claim of ineffective assistance of appellate counsel for failure to raise an issue is required to look to the merits of the omitted issue.  Where the omitted issues are meritless, counsel's failure to raise it on appeal does not constitute constitutionally ineffective assistance of counsel.  *Hooks v. Ward*, 184 F.2d 1206, 1221 (10th Cir. 1999).  *See also*, *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000).

Furthermore, issues previously raised and disposed of on direct appeal generally will not be considered in a § 2255 motion absent an intervening change of law in the circuit. *United States v. Prichard*, 875 F.2d 789 (10th Cir. 1989) (citing *United States v. Nolan*, 571 F.2d 528 (10th Cir. 1978)).

## INEFFECTIVE ASSISTANCE OF COUNSEL

A claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984).   Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense.  *Id.*, 466 U.S. 667, 104 S.Ct. at 2064.  Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims.  *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070.  While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised.  As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065.  In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance.  *Id.*  The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective).  This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

5

A.  Trial Counsel

First, Petitioner asserts his trial counsel "did not perform any routine investigation before trial," *i.e.,* he did not investigate certain phone calls to try and determine who the caller was and what was said during these calls.  Petitioner claims if counsel had investigated these calls, he would never have been indicted or gone to trial.  Petitioner does not, however, explain how a thorough investigation of these telephone calls would have established his lack of involvement in these crimes or have added anything to his defense.

At trial, phone records were admitted which indicated several phone calls were placed from Sloan's (co-defendant's girlfriend) cell phone right after the time of the robbery to a cell phone number assigned to Kendricks (Petitioner's girlfriend).  Both Sloan and Kendricks testified they did not know each other.  Additionally, phone records were admitted that established phone calls were made from the co-defendant's cell phone to Kendricks's cell phone shortly before the robbery and from Kendricks's cell phone to both Sloan and the co-defendant's cell phones thereafter.  Phone records also established one call from the co-defendant's cell phone to Kendricks's cell phone a little over 2 hours after the robbery. *United States v. Davis*, 437 F.3d 989, 992 (10th Cir. 2006).  While this evidence clearly provided the best identification evidence of who the second robber was, Petitioner has not provided anything but conclusory allegations that a more thorough investigation of the records would have established who placed the phone calls or what was said during these calls.  Furthermore, regardless of who placed the phone calls or what was said during the calls, the significance of this evidence was that numerous phone calls were made between

the phones of Sloan, the co-defendant, and Kendricks on the morning of the robbery and Sloan and Kendricks did not know each other. Based upon the totality of the evidence at trial, this Court finds a more thorough investigation of the phone calls would not have added anything to Petitioner's defense. As indicated by the Tenth Circuit, there was "more than ample direct and circumstantial evidence to support Davis's convictions. . . ." *Id*., at 995. Thus, Petitioner has failed to establish that he was prejudiced by counsel's failure to investigate the phone records further.

Next, Petitioner argues his trial counsel was ineffective for failing to seek a pre-trial hearing or a suppression hearing. The records establish counsel filed a motion to suppress any statements by Petitioner and a request for a *Jackson v. Denno* hearing (Doc. 25). Thereafter, the government filed a Superceding Indictment and this motion was denied as moot (minute of July 16, 2004). Counsel did not reurge his motion.

The evidence at trial, however, established Petitioner was advised of his *Miranda* warnings before he spoke to the police (Jury Trial Transcript at pp. 226-227). Petitioner has not submitted any evidence to establish that his statements to the police were coerced or involuntary such that a motion to suppress would have been successful. Accordingly, he has failed to establish prejudice.

Petitioner also alleges his trial counsel was ineffective because there was no probable cause to arrest him nor sufficient evidence at trial to convict him. A review of the affidavit submitted with the Complaint reveals sufficient facts were alleged to support a probable cause finding for the arrest of co-defendant Robinson and another male, who was identified

as "'PIP' LAST NAME UNKNOWN," for the alleged crimes (Doc. 1).  Once police identified Petitioner as the alleged unknown male, officers had probable cause to arrest him and counsel was not ineffective for failing to challenge his arrest.  Petitioner has submitted no evidence to establish that officers lacked probable cause to arrest him.  Further, based upon the evidence at trial, Petitioner's argument that there was insufficient evidence to convict him is frivolous.

Next, Petitioner asserts trial counsel was ineffective for failing to call his mother, as an alibi witness, to testify he was shopping with her at the time of the robbery.  Petitioner submits no affidavits detailing what the testimony of his mother would actually be.  Rather, he submits conclusory allegations as to what her testimony would have been.  Further, this testimony would have directly contradicted Petitioner's own statements to police regarding what he was doing at the time of the robbery.[1]  Therefore, this Court finds Petitioner has failed to establish counsel was ineffective for failing to call Petitioner's mother as an alibi witness.

Finally, in the supplement to his § 2255 motion, Petitioner alleges trial counsel was ineffective in failing to present an expert witness to dispute the DNA evidence on the "do-rag."  While not presenting an expert witness, trial counsel effectively cross-examined the government's expert.  In particular, the expert admitted during cross-examination that the statistical significance of the frequency that one would encounter the DNA found on the do-

---

[1]Petitioner first told officers he was at work at the time of the robbery, but then changed his story and said he was at his girlfriends's house.  *United States v. Davis*, 437 F.3d 989, 995 (10th Cir. 2006).

8

rag was fairly low (1 in 31,000 African-Americans) in a field where the statistical significance usually runs in the billions or trillions (J.T.Tr. at 296). Additionally, the expert testified there were any number of ways that Petitioner's DNA could have gotten on the do-rag other than being placed upon his head (*Id.*, at 299). Petitioner has simply failed to establish that his attorney's failure to call an expert witness regarding the DNA evidence was ineffective or that it prejudiced him.

### B.  Appellate Counsel

First, Petitioner argues appellate counsel was ineffective for failing to take into account what he asserts was unreliable testimony and evidence presented at trial. He claims appellate counsel should have considered this in his argument that there was insufficient evidence to convict him of either conspiracy to commit armed bank robbery or aiding and abetting an attempted armed bank robbery.

While counsel may not have challenged the evidence in the same manner that Petitioner feels appropriate, the record is clear that counsel argued the evidence was insufficient to convict. However, the Tenth Circuit found this argument "borders on being frivolous" and that "[t]here is more than ample direct and circumstantial evidence to support Davis's convictions for conspiracy to commit an armed bank robbery and aiding and abetting an attempted armed bank robbery." *United States v. Davis*, 437 F.3d 989, 994-995 (10th Cir. 2006). Accordingly, Petitioner has failed to establish appellate counsel was ineffective for failing to present these issues differently.

Next, Petitioner asserts his appellate counsel was ineffective for failing to argue, even if Petitioner was present, the government failed to prove he knew a gun was present and that his mere presence at the bank was not enough to convict him.  Again, while counsel may not have argued this exactly as Petitioner feels it should have been argued, appellate counsel did argue that the evidence was insufficient to show that Petitioner willfully joined or participated in the conspiracy.  The Tenth Circuit rejected this argument finding "there is strong evidence establishing Davis was Robinson's accomplice."  *Id*., at 994.  When an alleged aider and abettor is a member of a conspiracy and the substantive crime is done in furtherance of the conspiracy, the criminal conspirator will be "criminally responsible for substantive crimes committed by other conspirators during the course of and in furtherance of the conspiracy that are reasonably foreseeable."  *United States v. Anderson*, 189 F.3d 1201, 1207 n. 3 (10th Cir. 1999).  Petitioner has simply failed to show that he received ineffective assistance of appellate counsel.  Accordingly, this claim is denied.

## PROSECUTORIAL MISCONDUCT

In his fourth proposition, Petitioner asserts the government failed to turn over exculpatory evidence thereby depriving Petitioner of due process.  Specifically, Petitioner claims, while in jail, he was examined by a dentist to determine if he had any gold teeth.  Petitioner alleges Ms. Sloan told the government that the second suspect had gold teeth.  Petitioner asserts if this evidence had been turned over to the defense, it would have affected the credibility of Ms. Sloan.  Further, Petitioner asserts the prosecution threatened Ms. Sloan before trial.  This conclusory allegation is not supported by any affidavits.

10

This claim could have been raised by Petitioner on direct appeal, but it was not. Accordingly, this Court finds Petitioner is procedurally barred from raising this issue herein. In order to overcome the procedural bar, Petitioner alleges his trial counsel was ineffective for failing to address the threat upon Ms. Sloan at trial. However, he never alleges appellate counsel was ineffective for failing to raise these issues on appeal. Furthermore, in light of the evidence at trial regarding Ms. Sloan's inability to identify the man in the backseat of her car and the fact that trial counsel cross-examined Ms. Sloan regarding her statements that the man in the car had gold teeth (J.T.Tr. at p. 61), Petitioner has failed to show that failure to consider this clam will result in a miscarriage of justice. Therefore, this Court finds Petitioner is procedurally barred from raising this claim.

## CHALLENGE TO CAREER OFFENDER STATUS

Petitioner argues, in his third proposition, that this Court erred when it sentenced him as a career offender. Petitioner raised this argument on direct appeal and the Tenth Circuit rejected it. *United States v. Davis*, 437 F.3d 989, 997-998 (10th Cir. 2006).

In the supplement to his § 2255 motion, Petitioner seems to argue *Lopez v. Gonzales*, 127 S.Ct. 625 (2006), which was decided following his appeal, altered the law on when career offender status can be used to enhance a defendant's sentence. In *Lopez*, the Supreme Court held that conduct deemed a felony pursuant to state law while a misdemeanor under the Controlled Substances Act, 18 U.S.C. § 924(c)(2), can not be considered a "felony" punishable under the Controlled Substances Act for Immigration and Naturalization purposes. *Id.*, at 627.

Petitioner was classified as a career offender under the Sentencing Guidelines based on three prior state felony convictions; to-wit: Possession of Cocaine with Intent to Distribute and Unlawful Possession of Marijuana with Intent to Distribute, and Assault and Battery on a Peace Officer.  *See*, P.S.R. at ¶¶ 38, 42, 43, and 48.  *See also*, *United States v. Davis*, 437 F.3d 989, 998 (10th Cir. 2006).  Since each of these convictions "under Oklahoma law constitute "crimes of violence" or "controlled substance offense[s]" under U.S.S.G. § 4B1.2(1)(a) and (b)," *Lopez* did not change the law as it relates to Petitioner's case. Accordingly, Petitioner is barred from raising this issue herein.

## CONCLUSION

Since the motion, files and records in this case establish Petitioner is not entitled to relief, Petitioner's request for an Evidentiary Hearing is denied.  *United States v. Galloway*, 56 F.3d 1239, n. 1 (10th Cir. 1995).  For the reasons set forth herein, Petitioner's  Motion to Vacate and request for an evidentiary hearing are hereby denied.

It is so ordered on this 14th day of June, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma