UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0085-002-CVE |
| ) | (Civil No. 20-CV-0235-CVE-JFJ) |
| CLARENCE LEE DAVIS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 256) and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 262). Defendant Clarence Lee Davis has been granted authorization by the Tenth Circuit Court of Appeals to proceed with a second or successive § 2255 motion challenging his conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). Dkt. # 255. Defendant also argues that he can no longer be classified as a career offender under the United States Sentencing Guidelines. Dkt. # 258, at 1. Defendant has filed a motion asking the Court to appoint counsel to assist him with his successive § 2255 motion. Dkt. # 265. Defendant's successive § 2255 motion is fully briefed and he has clearly articulated the factual and legal issues that he believes support his request to vacate his § 924(c) conviction, and the Court finds that it would not be necessary or helpful to appoint counsel to represent defendant in this matter.

On April 15, 2004, a magistrate judge signed a complaint charging Shelby Lamont Robinson and defendant with bank robbery and using a firearm during a crime of violence, and defendant was

arrested on April 22, 2004. Dkt. ## 1, 4. A grand jury subsequently returned an indictment (Dkt. # 12) asserting the same charges, and the case was assigned to the Honorable James H. Payne. On July 8, 2004, a grand jury returned a superseding indictment (Dkt. # 44) with additional charges. The jury trial was scheduled for September 20, 2004, but a grand jury returned a second superseding indictment before the trial. The second superseding indictment (Dkt. # 69) charged defendant with conspiracy to commit an offense against the United States (count one), armed bank robbery (count two), using or carrying a firearm during a crime of violence (count three), and being a felon in possession of a firearm (count five). Defendant exercised his right to a jury trial and he was convicted on all counts. Dkt. # 95. Defendant was sentenced to a total term of imprisonment of 360 months, consisting of 276 months as to count two and 84 months as to count three, with count three running consecutively to the sentence imposed for count two. Dkt. # 108, at 2. Defendant was sentenced to 60 months as to count one and 120 months as to count five, with those sentences set to run concurrently with the sentence imposed as to count two. Id. Defendant filed a direct appeal to the Tenth Circuit, and his convictions and sentence were affirmed. Dkt. # 140.

Defendant filed a timely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 143), and his motion was denied. Dkt # 164. Defendant sought a certificate of appealability, and his request was denied by Judge Payne and the Tenth Circuit. Dkt. ## 168, 176. Approximately five years later, defendant asked Judge Payne to reconsider his decision denying defendant's § 2255 motion, and Judge Payne dismissed defendant's motion as a second or successive § 2255 motion. Dkt. ## 180, 181. Defendant filed another § 2255 motion (Dkt. # 191) and a supplemental § 2255 motion (Dkt. # 196), and both motions were dismissed as second or successive § 2255 motions. Dkt. # 201. In 2016, defendant sought authorization from the Tenth Circuit to

proceed with a second or successive § 2255 motion seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015), and the matter was held in abatement. Defendant filed a § 2255 motion (Dkt. # 242) challenging his conviction for using a firearm during a crime of violence in light of Davis v. United States, 139 S. Ct. 2319 (2019), and Judge Payne transferred the motion to the Tenth Circuit as a second or successive § 2255 motion. Dkt. # 246. Defendant filed another § 2255 motion (Dkt. # 251) seeking relief under Rehaif v. United States, 139 S Ct. 2191 (2019), and the case was randomly reassigned to the undersigned. The Court dismissed defendant's motion (Dkt. # 251) as a second or successive § 2255 motion. Dkt. # 253. The Tenth Circuit lifted the abatement of defendant's original request for authorization to proceed with a § 2255 motion under Johnson, and he received authorization to proceed with a second or successive § 2255 motion challenging his § 924(c) conviction under Johnson and Davis.[1] Dkt. # 255. Defendant also argues that he is no longer subject to a sentencing enhancement for being a career offender under the advisory sentencing guidelines.

In order for the Court to issue a decision on the merits of defendant's motion, the Court must determine if defendant is actually relying on a new rule of constitutional law as required by § 2255(h). There are two "procedural gates" that a person seeking relief under § 2255(h) must satisfy:

> (1) a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as "a sufficient showing of possible merit to warrant a fuller exploration by the district court" and
>
> (2) a determination by the district court that the petition does, in fact, satisfy those requirements.

---

[1] Defendant filed another request to proceed with a second or successive § 2255 motion shortly before the Tenth Circuit lifted the abatement as to his original request, and the Tenth Circuit denied the second request as unnecessary. Dkt. # 263.

3

United States v. Pullen, 913 F.3d 1270, 1276 (10th Cir. 2019). Defendant has satisfied the first procedural gate by obtaining authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion, and this Court must determine whether defendant's § 2255 motion actually relies on a new rule of constitutional law made retroactive to cases on collateral review. In the context of reviewing the validity of a § 924(c) conviction, a district court must review the record to determine if there is any mention of the residual clause in the presentence investigation report (PSR) or sentencing pleadings, and the district court must determine whether it would have been necessary to rely on the residual clause to sustain the conviction. United States v. Copeland, 921 F.3d 1233, 1242 (10th Cir. 2019). The Court has reviewed the PSR and the sentencing pleadings, and there is no mention of the residual clause. The Court will consider whether it would have been necessary to rely on the residual clause to sustain defendant's § 924(c) conviction.

Defendant argues that conspiracy to commit bank robbery is not a crime of violence under the elements clause of § 924(c), because the crime of conspiracy to commit bank robbery does not involve the use or threatened use of force against another person. Dkt. # 256, at 3-4. In Johnson, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. The ACCA provided that a "violent felony" was:

> any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. at 2555 (emphasis in original). The final clause of this section of the statute was known as the residual clause. The Supreme Court considered its prior cases interpreting the residual clause and noted the uncertainty in its prior decisions, and found that "this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." Id. at 2558. The Supreme Court found that the residual clause was unconstitutionally vague, but the Supreme Court did not call into question the validity of the remainder of the ACCA. Id. at 2563. In subsequent decisions, the Supreme Court applied the reasoning of Johnson to other statutes with similar language, and in two cases found that a residual clause in a federal criminal statute was unconstitutionally vague. Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because it provided no objective way to determine what crimes may ordinarily fit within the definition or what level of risk would be needed to commit a qualifying offense); Davis, 139 S. Ct. 2319 (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson). The Tenth Circuit has determined that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019).

In this case, defendant was convicted of conspiracy to commit an offense against the United States (count one), bank robbery with a dangerous weapon (count two), using or carrying a firearm during and in relation to a crime of violence (count three), and being a felon in possession of a firearm. Dkt. # 95. The second superseding indictment (Dkt. # 69) identifies count two as the crime of violence during which defendant used, carried, or brandished a firearm for the § 924(c) charge. Defendant argues that his § 924(c) conviction is no longer valid, because conspiracy to commit bank

robbery could only meet the statutory definition of "crime of violence" under the residual clause that was found unconstitutional in Davis.  When defendant was convicted, a "crime of violence" could be any offense that:

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (B) is the residual clause that was found unconstitutional in Davis, and an offense must now qualify under § 924(c)(3)(A), known as the elements clause, in order to serve as a predicate offense for a § 924(c) conviction.

Defendant's argument to vacate his § 924(c) conviction is based on the mistaken premise that the predicate offense for this conviction was conspiracy to commit bank robbery.  The second superseding indictment clearly identifies the crime of violence for count three as the crime of armed bank robbery as charged in count two.  Dkt. # 69, at 4.  Section 2113(a) provides that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of" any bank.  The maximum sentence for a conviction under § 2113(a) is 20 years.  However, the statutory maximum increases to 25 years if the person committing the offense "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). The Tenth Circuit has not issued a published decision on the precise issue of whether an offense under § 2113(a) and (d) satisfies the elements clause of § 924(c)(3)(A), but there are several unpublished decisions finding that armed bank robbery is a crime of violence under the elements clause of §

924(c)(3)(A). United States v. Rinker, 746 F. App'x 769, 771-72 (10th Cir. Aug. 21, 2018); United States v. Hill, 745 F. App'x 77, 78-79 (10th Cir. Aug. 9, 2018); United States v. Smith, 730 F. App'x 710, 711 (10th Cir. July 6, 2018).[2] Other federal circuit courts of appeals have found that armed bank robbery is a crime of violence under § 924(c)(3)(A). Wingate v. United States, 969 F.3d 251, 264 (6th Cir. 2020); King v. United States, 965 F.3d 60, 71 (1st Cir. 2020); United States v. Smith, 957 F.3d 590, 594 (5th Cir. 2020); In re Pollard, 931 F.3d 1318 (11th Cir. 2019).

The Court finds that defendant's conviction under § 924(c) remains valid after Davis, because the underlying offense of armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A). Defendant's § 2255 motion is based on the mistaken premise the predicate crime of violence for his § 924(c) conviction was conspiracy to commit bank robbery. Dkt. # 256, at 3; Dkt. # 264, at 2-3. The superseding indictment clearly states that the crime of violence during which defendant used and carried a firearm was count two, which was a charge of armed bank robbery. Dkt. # 69, at 3-4. Defendant could be arguing that aiding and abetting the crime of armed bank robbery would not qualify as a crime of violence. Dkt. # 354, at 4. However, this argument has been rejected by the Tenth Circuit. In United States v. Bowen, 527 F.3d 1065 (10th Cir. 2008), the Tenth Circuit explained that a defendant convicted under an aiding and abetting theory to the crime of violence underlying a § 924(c) charge is guilty as a principal to the underlying offense, and a conviction under an aiding and abetting theory is not predicated upon an agreement or conspiracy to commit the crime of violence. Id. at 1078-79. Therefore, Davis has no impact on the validity of defendant's § 924(c).

---

[2]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

7

Defendant also argues that his career offender provision of the United States Sentencing guidelines is unconstitutionally vague under Johnson.³ The Tenth Circuit has expressly rejected a void-for-vagueness challenge under the reasoning of Johnson as a basis to proceed with a second or successive § 2255 motion. Dkt. # 256, at 4. In Pullen, the defendant argued that the residual clause of USSG § 4B1.2 was unconstitutionally vague in light of Johnson. Pullen, 913 F.3d at 1272. The Tenth Circuit cited the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), and explained that the holding of Johnson does not apply to the advisory sentencing guidelines. Id. at 1281-82. Therefore, the defendant was attempting to rely on a new rule of constitutional law that had not actually been established by the Supreme Court, and he could not proceed with a second or successive § 2255 motion. In this case, defendant is attempting to raise the same challenge to the advisory sentencing guidelines and, regardless of whether defendant is relying on Johnson or Davis, he has not identified a new rule of constitutional law that is retroactively applicable to cases on collateral review that supports his challenge to the career offender provision. The Court finds that defendant's successive § 2255 motion does not actually rely upon a new rule of constitutional law that has been made retroactive to cases on collateral review. Plaintiff's motion to dismiss (Dkt. # 262) should be granted and defendant's successive § 2255 motion (Dkt. # 256) is dismissed.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a certificate of appealability (COA) before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that]

---

3   Defendant also argues that the crime of conspiracy to commit bank robbery can no longer be considered a crime of violence under the sentencing guidelines. Dkt. # 256, at 4. The Court has reviewed the PSR and none of the charges in this case were used as a predicate offense for application of the career offender provision.

showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 256) is **dismissed**, and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 262) is **granted**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that defendant's motion for appointment of counsel (Dkt. # 265) is **denied**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to any issue raised in defendant's § 2255 motion (Dkt. # 256).

**DATED** this 19th day of November, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE