UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-CR-0085-002-CVE |
| | ) (Civil No. 23-CV-190-CVE-JFJ) |
| CLARENCE LEE DAVIS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Challenge the Sentence Imposed for Attempted Armed Bank Robbery under 18 U.S.C. § 2255(f)(3) which was the Predicate for the Unconstitutional Enhancement under 18 U.S.C. § 924(c)(1)(A) (Dkt. # 284). Defendant Clarence Lee Davis claims that his sentence should be reduced in light of the Supreme Court's decision United States v. Taylor, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c). Defendant claims that he was convicted of attempted armed bank robbery and that this conviction was used as a predicate offense for a conviction under § 924(c). According to defendant, attempted armed bank robbery is analogous to attempted Hobbs Act robbery, and he claims that his § 924(c) conviction should be vacated in light of Taylor.

On April 15, 2004, a magistrate judge signed a complaint charging Shelby Lamont Robinson and defendant with bank robbery and using a firearm during a crime of violence, and defendant was arrested on April 22, 2004. Dkt. ## 1, 4. A grand jury subsequently returned an indictment (Dkt. # 12) asserting the same charges, and the case was assigned to the Honorable James H. Payne. On

July 8, 2004, a grand jury returned a superseding indictment (Dkt. # 44) with additional charges. The jury trial was scheduled for September 20, 2004, but a grand jury returned a second superseding indictment before the trial. The second superseding indictment (Dkt. # 69) charged defendant with conspiracy to commit an offense against the United States (count one), armed bank robbery (count two), using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (count three), and being a felon in possession of a firearm (count five). Defendant exercised his right to a jury trial and he was convicted of all counts. Dkt. # 95. Defendant was sentenced to a total term of imprisonment of 360 months, consisting of 276 months as to count two and 84 months as to count three, with count three running consecutively to the sentence imposed for count two. Dkt. # 108, at 2. Defendant was sentenced to 60 months as to count one and 120 months as to count five, with those sentences set to run concurrently with the sentence imposed as to count two. Id. Defendant filed a direct appeal to the Tenth Circuit, and his convictions and sentence were affirmed. Dkt. # 140.

Defendant filed a timely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 143), and his motion was denied. Dkt # 164. Defendant sought a certificate of appealability, and his request was denied by Judge Payne and the Tenth Circuit. Dkt. ## 168, 176. Approximately five years later, defendant asked Judge Payne to reconsider his decision denying defendant's § 2255 motion, and Judge Payne dismissed defendant's motion as a second or successive § 2255 motion. Dkt. ## 180, 181. Defendant filed another § 2255 motion (Dkt. # 191) and a supplemental § 2255 motion (Dkt. # 196), and both motions were dismissed as second or successive § 2255 motions. Dkt. # 201. In 2016, defendant sought authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion seeking relief under Johnson v. United States,

135 S. Ct. 2551 (2015), and the matter was held in abatement. Defendant filed a § 2255 motion (Dkt. # 242) challenging his conviction for using a firearm during a crime of violence in light of Davis v. United States, 139 S. Ct. 2319 (2019), and Judge Payne transferred the motion to the Tenth Circuit as a second or successive § 2255 motion. Dkt. # 246. Defendant filed another § 2255 motion (Dkt. # 251) seeking relief under Rehaif v. United States, 139 S Ct. 2191 (2019), and the case was randomly reassigned to the undersigned. The Court dismissed defendant's motion (Dkt. # 251) as a second or successive § 2255 motion. Dkt. # 253. The Tenth Circuit lifted the abatement of defendant's original request for authorization to proceed with a § 2255 motion under Johnson, and he received authorization to proceed with a second or successive § 2255 motion challenging his § 924(c) conviction under Johnson and Davis.[1] Dkt. # 255. Defendant also argued that he was no longer subject to a sentencing enhancement for being a career offender under the advisory sentencing guidelines.

Defendant's authorized second or successive § 2255 motion (Dkt. # 256) was based on the mistaken premise that he was convicted of conspiracy to commit armed bank robbery, instead of armed bank robbery, and the Court found that armed bank robbery under 18 U.S.C. § 2113(a) and (d) qualified as a crime of violence under the elements clause of § 924(c). This Court dismissed defendant's motion (Dkt. # 256) and denied his request for a certificate of appealability. Defendant sought a certificate of appealability from the Tenth Circuit and his request was denied. Defendant argued on appeal that the jury instructions permitted a finding as to count two that defendant could have been found guilty of attempted armed bank robbery, and the Tenth Circuit agreed that the jury

---

[1]  Defendant filed another request to proceed with a second or successive § 2255 motion shortly before the Tenth Circuit lifted the abatement as to his original request, and the Tenth Circuit denied the second request as unnecessary. Dkt. # 263.

instructions permitted the jury to make this finding. Dkt. # 278, at 4. However, even if defendant were convicted of attempted armed bank robbery, defendant's conviction under § 924(c) remained valid, because attempted armed bank robbery was a crime of violence under the elements clause under § 924(c). Id. at 4-5.

Defendant has filed another § 2255 motion challenging his conviction under § 924(c), and he argues that he is entitled to relief under Taylor. However, defendant has already filed a § 2255 motion (Dkt. # 143) and numerous second or successive § 2255 motions, and his motion (Dkt. # 284) must be treated as a second or successive § 2255 motion. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of

4

justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)). The Court has reviewed defendant's motion (Dkt. # 284) and finds that there is no risk that a meritorious claim will be lost absent transfer to the Tenth Circuit. Defendant claims that he is entitled to relief based on Taylor, but the Supreme Court's decision in Taylor merely applied Davis to determine if attempted Hobbs Act robbery was a crime of violence. This Court and the Tenth Circuit have already considered and rejected defendant's argument that Davis invalidated his § 924(c) conviction, and Taylor merely applies existing Supreme Court precedent to a specific and distinct crime that is not at issue in this case. Dkt. ## 267, 278. For the purpose of defendant's motion, this means that Taylor does not trigger a new one year statute of limitations to file a second or successive § 2255 motion, because defendant has not shown that Taylor announced a new rule of constitutional law that applies retroactively to cases on collateral review under § 2255(f)(3). This also means that defendant is effectively asking for reconsideration of the Tenth Circuit's prior decision applying Davis to his § 924(c) conviction, and the Tenth Circuit is unlikely to find that defendant's arguments are meritorious. The Court declines to transfer defendant's motion to the Tenth Circuit.


Even though the Court lacks jurisdiction over defendant's motion, the Tenth Circuit has directed district courts to consider whether a COA should be issued when a second or successive § 2255 motion is dismissed. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's Motion to Challenge the Sentence Imposed for Attempted Armed Bank Robbery under 18 U.S.C. § 2255(f)(3) which was the Predicate for the Unconstitutional Enhancement under 18 U.S.C. § 924(c)(1)(A) (Dkt. # 284) is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**DATED** this 16th day of May, 2023.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE